Williams, J.
The holding of the court of common pleas, in effect, was that the provision in section 5164 of the Revised Statutes, as amended April 29th, 1885 (82 O. L. 166), that “ the trustees of each township, and the council men of each ward, shall, on the day of the regular state election, annually, select of good j udicious persons, having the qualifications of an elector, who have not served as a regular juror in any court of record in the county during the two years last past, and not exempt bylaw from serving as jurors, the number of persons designated in the notice to be returned for jurors therefrom” so far disqualifies persons who have so served on a regular jury, as to render invalid indictments found by grand juries of which they were members.
This, we think was error. Other statutes, similar in their provisions, have undergone construction, and quite the converse of the proposition held by the common pleas, established.
In Vermont it is held that a “ statute forbidding the name of a person once drawn as a juror to be again put into the jury box within two years, does not so far disqualify a person whose name is drawn within that time that an indictment found by a grand jury of which a person so drawn is a mem *650 ber, will be thereby rendered invalid.” State v. Cox, 52 Vt. 471.
In the opinion in that case the court say : “ The statute was designed to serve two purposes; one, as matter of favor to men who might otherwise be compelled to do an undue proportion of that kind of service ; the other, as matter of favor to the board of civil authority, and to the proper administration of justice, by rendering it feasible and easy, and without giving personal offense, to give a respite to some men, who so hanker for the doing of that line of public service, as to cause them to see to it that their names are kept year after year in the jury box, and themselves in the jury seats.”
In the state of New York, a statute which made it the duty of the supervisors of the several counties, at their annual meeting, to select the grand jurors for the following year, and to prepare a list, to contain a certain number of names for that purpose, contained the provision that, “ the said supervisors are hereby strictly enjoined and required to select and place in such list the names of such men only as they shall know or have reason to believe to be possessed of the necessary property qualifications to sit as petit jurors in such county, and to be men of approved integrity, of fair character, of sound mind, and well informed.” It was also provided that petit jurors must be freeholders. A plea in abatement to an indictment on the ground that one of the grand jurors was not a freeholder brought the statute under construction, and upon it the court said : “ It is very evident that this provision of the statute is merely directory to the supervisors. The very form of the expressions used most clearly indicates it. They are strictly enjoined and required to select, etc. It is impressed upon them as a duty to select .su'ch men only as possess, or as they have reason to believe possess, the qualifications enumerated in the statute; that is, property, approved integrity, fair character, sound judgment and information. The want of integrity, or judgment, or information would be, so far as the statute is concerned, as valid a ground of objection to a grand juror as the. want of property. They are all put upon the same footing; and I imagine it *651 would hardly be contended that it would be a good plea in avoidance of an indictment, that one or more of the grand jurors were not men of fair character, or sound judgment, or well informed. The statute does not say ..that none but men of that description shall be competent to .sit as grand jurors; but it enjoins it as a duty upon the supervisors to selectmen who possess, or who they have reason to believe possess such qualifications. The distinction between a mere direction to a ministerial officer in a case like this, and a condition precedent to the competency of an individual to serve as a grand juror, is too obvious to require illustration; and the intention of the legislature is too clear to admit of any doubt.” People v. Jewett, 6 Wend. 386; and see United States v. Reeves, 3 Wood, 199; Thompson on Juries, 636.
In the light of these authorities, no extended discussion of our statute is necessary. It does not provide that persons who have served as regular jurors during the two years last past shall not be competent to sit on a jury, "nor that persons who are exempt by law shall be incompetent. It is not contended that the latter are disqualified; and yet the provision that persons of that class shall not be selected is quite as mandatory on the trustees and councilmen as that persons of the former class shall not be. Indeed their duty to omit both classes is enjoined by the same clause; and it is not easy to see why any more serious consequences should result from the presence on the grand jury, of a person belonging to the former class, than of one belonging to the latter.
It is argued that the purpose of the statute was to quietly relegate to peaceful retirement the professional juror whose usefulness had become involved in some doubt. But the professional juror is .an outgrowth of the system of selecting tales-men from the bystanders; hence provision was made by which jurors who had served as talesmen could be excluded from again sitting on a jury for a year. It was not against the regular juror, who attended under the compulsory process of the court, that complaint was made; yet, if the consequences ascribed by the court of common pleas attach to the presence on a jury of one who had, within the two *652 years before, served as a regular juror, it would result that, in attempting to suppress professional j urors, tbe legislature had prescribed a shorter period of exclusion for the obnoxious class than for those not really objectionable. Conceding that the amendment to the section referred to was intended the more certainly to effectuate the purpose indicated, it is not necessary to that end, to hold that such' disqualification attaches to the persons directed to be omitted from the list to be returned for jurors, as to render invalid verdicts and indictments returned by juries on which they serve.
In arriving at the purpose, and effect to be given the amended section, regard must be had to the other provisions of the statute of which it is part. The statute requires the court of common pleas at its first term in each year to determine the number of persons necessary to be selected in each county for grand and petit jurors for the various courts, and this number is to be apportioned by the clerk to the several townships and wards of municipal corporations in the county, according to the number of electors. This apportionment he delivers to the sheriff, who inserts in his proclamation for the general election, notice of the number of persons to be returned as jurors for the several townships and wards. Then follows the provision of section 5164 before quoted. From all which, it is apparent, the purpose was to equalize among the electors of the county the burden of the jury service; and the provision of the amended section requiring the trustees and councilmen, in the selection of persons to be returned for jurors, to omit the classes of persons therein mentioned, w-as intended for the benefit of persons embraced in those classes, and does not operate to so fa-r disqualify persons of either class as to render indictments found by grand juries of which they were members, invalid.

Exceptions sustained.